| | |
|---|---|
| **Procurator General's Office**<br>**of the Russian Federation**<br><br>15A Bolshaya Dmitrovka<br>Moscow, GSP-9, 101999, Russia<br><br>08.2004   Our ref. 35/2-2129-04 | Ms. Mary Ellen Warlow<br>Director<br>Office of International Affairs<br>US Department of Justice<br><br>1301 New York Ave. NW<br>Washington, D.C. 20005 |

Dear Ms. Warlow,

The Procurator General's Office of the Russian Federation presents its compliments to the US Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters between the United States of America and the Russian Federation of June 17, 1999, requests legal assistance in criminal matter No. 326852 instituted under part 3 art.285 (misuse of official powers) and part 4 art.159 (fraud) of the Criminal Code of the Russian Federation.

The performance of the investigative actions in the territory of the United States is necessary in order to ensure comprehensive preliminary inquiry.

The criminal procedure law of the Russian Federation provides for the limited period of pretrial investigation of criminal matters. The breach of procedural period may adversely affect results of investigation of a criminal case and prosecution of guilty persons.

Considering the above I kindly ask you to execute the above request by 15.12.2004 and to inform the Procurator General's Office of the Russian Federation on the results.

We guarantee that the results and documents obtained upon execution of the request will be used for the purposes of the investigation only and will not cause any harm to the interests of the United States of America or its nationals.

The Procurator General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal cases to the law-enforcement agencies of the USA.

Enclosure: mutual legal assistance request in 13 pages

Acting Chief
International Law Department



V.I. Erokhin

To: Minister of Justice
General Public Prosecutor
of United States of
America

# PETITION
## on legal aid on the criminal case

Moscow-Yaroslavskaya Transport Office of the Public Prosecutor of Moscow examines criminal case № 326852, instituted on May 31, 2004 on article 285 part 3 and article 159 part 4 of the Criminal Code of the Russian Federation.

It was established during the investigation, that in January, 2001 unidentified representatives of the following firms: "Rosneftetrans" (Russia, Neftugansk), "Factory ZhBI-5" (Russia, Moscow), "Iletsksol" (Rossia, Sol-Iletsky), "Evrosib-Trading" (Russia, Neftugansk), "Orenburggazstroymontazh" (Russia, Orenburg), "Firm Kymyl-Emtor" (Russia, Nizhnevartovsk) has carried out several alleged supplies from the temporary warehousing depot "KV-Terminal" (Russia, Moscow) to the addresses of the mentioned foreign partners according to the appropriate foreign trade contracts with foreign partners – pumps for purifying installations, rotors for the abovementioned pumps, and by carrying out that deeds they had accomplished swindling which results in re-compensation of added value tax from the state budget of The Russian Federation for the abovementioned persons in amount exceeding 6.000.000 rubles. The above mentioned crime was committed out with the involvement of unidentified officials of the Moscow Northern operative customs house, who because of mercenary and other personal interests had used their official powers contrary to the interests of the civil service.

From the seized during the investigation customs and other goods' accompanying documents follows, that according to the foreign trade contract № RF/00/29 of

2

December 04, 2000, "Orenburggazstroymontazh" firm has supplied to "London & Mercantile LLC" (15 East North Str., Dover, Delaware, USA) according to the CARNET-TIR number ▓▓▓▓▓▓ valid till 24.01.2001 through the Pskov frontier operative customs house the merchandise "High Vacuum Diffusion Steam Oil Pump" model ND-1000 in total amount of 75 pieces in two wooden boxes with total brutto weight of 4.740 kilograms. The supply was carried out on CIP Riga conditions in accordance with Incoterms 90 through SIA "ADM Baltik Tranzits" firm (Riga, LV-1063, Maskavas iela 455 A MP 0258 Atlauja № ▓▓▓▓ by SIA "DIMON" transport enterprise (Riga, Maskavas 303-20, PVN Nr. ▓▓▓▓▓▓) on MAN vehicle with registration number ▓▓▓▓▓▓.

According to the foreign trade contract № ▓▓▓▓▓▓ of October 17, 2000 "Iletsksol" firm has supplied to "London & Mercantile LLC" according to the CARNET-TIR number ▓▓▓▓▓▓ valid till 24.01.2001 through the Pskov frontier operative customs house the merchandise "Vacuum Metallizing Unit" model UVN-4M in total amount of 12 pieces in two wooden boxes with total brutto weight of 1.800 kilograms. The supply was carried out on CIP Riga conditions in accordance with Incoterms 90 through SIA "ADM Baltik Tranzits" firm firm (Riga, LV-1063, Maskavas iela 455 A MP 0258 Atlauja № ▓▓▓▓ by SIA "KIVI TRANS" transport enterprise (Bultu 8-115, Riga, LV-1057 Reg. ▓▓▓▓▓ VN maks. reg. № ▓▓▓▓▓ on Volvo vehicle with registration number ▓▓▓▓▓▓.

During the preliminary investigation there arised a necessity of carrying out interrogations and other legal procedures, provided by the Criminal-Procedural Code of the Russian Federation on the territory of the United States of America.

Basing on the stated and guided by the Treaty between the Government of the Russian Federation and the Government of the United States of America "On mutual law aid on criminal cases" of June 17, 1999 and the Agreement between the Government of the Russian Federation and the Government of the United States of America "On cooperation concerning criminal-legal questions" of June 30, 1995 and the article 453 of the Criminal-Procedural Code of the Russian Federation,

I Appeal

to instruct Your subordinate colleagues in competent bodies to carry out the following deeds on the territory of the United States of America:

1. To establish actual location of "London & Mercantile LLC" (15 East North Str. Dover, Delaware, USA).

3

2. To interrogate, with the explanation of the Article 51 of the Constitution of the Russian Federation, according to which "no one shall be obliged to give evidence against himself or herself, or his or her spouse and close relatives", as a witness the director of the firm Aleksandr Usov, as well as other firm's employees, who directly participated in carrying out the contractual interrelations on providing the abovementioned supplies, on the following questions:

- Was there a foreign trade contract № RF/00/27 of December 04, 2000 between "London & Mercantile LLC" and "Orenburggazstroymontazh" firm?
- Was there a foreign trade contract № RF/00/13 of October 17, 2000 between "London & Mercantile LLC" and "Iletsksol" firm?
- Was there a contract between "London & Mercantile LLC" and SIA "ADM Baltik Tranzits" firm on the delivery from Russia of the following merchandizes or Russian origin: "High Vacuum Diffusion Steam Oil Pump" model ND-1000 in total amount of 75 pieces in two wooden boxes, "Vacuum Metallizing Unit" model UVN-4M in total amount of 12 pieces in two wooden boxes?
- If the above-mentioned contacts were concluded, then: where were they concluded exactly; who (name, surname, father's name, home and office addresses, contact phone number) were theirs initiator, including those on the Russian part; who provided contract forms; who on the Russian part conducted the further negotiations; what exactly were the tasks of the each part; were those tasks completed, if not, then why and by which part?
- Were those contracts paid for, if the answer is positive, were they paid for wholly or partly, in what amounts, in what currency, by whom exactly and through what bank and account?
- Who on the Russian part carried out preparation of the invoices, necessary goods' accompanying and customs documents for the merchandizes?
- Who carried out the necessary customs procedures on the territories of the Russian Federation, the Latvian Republic, and the USA?
- On the basis of what documents the necessary customs procedures were carried on the territories of the Russian Federation, the Latvian Republic, and the USA?
- Does the interrogated person know the following surnames of the citizens of the Russian Federation: Zakutsky M. I., Zayganov V. A., Kruzin D. S., Glinik I. A., Semenov V. N. – if the answer is positive, what is the relation of each person to the supplies of the abovementioned merchandizes?
- Did the abovementioned merchandizes arrived to the territory of the Latvian Republic and the USA; to what place exactly; who accepted the merchandizes; in what quantity; in what set; was the set complete or incomplete, if incomplete, in what condition it was? Who provided the technical documentation, specifications, and certificates for the merchandizes? Were the technical conditions of the merchandizes tested, what were the results of the tests?

4

- What was the weight of each unit of the supplied merchandizes, who was in charge of insurance for the cargo, at what company (address, phone number), what were the conditions of the insurance?
- What was the further lot of the supplied merchandizes?
- How the interrogated person can comment the fact, that according to the received information from the producing plants of the above-mentioned merchandizes the weight of one unit of each of the mentioned types of the equipments is as follows: "High Vacuum Diffusion Steam Oil Pump" ND-1000 – 460 kilograms «Water Circle Vacuum Pump for the Purifying Installations" model 2VVN2-50 – 2.750 kilograms, "High Vacuum Diffuse Vapor Oil Unit" model AVDM 630/400 – 870 kilograms, "Vacuum Metallizing Unit" model UVN-4M – 6.000 kilograms. Based on the stated characteristics and taking into the account that maximal carrying capacity of the super size vehicle with trailer as about 40.000 kilograms, by Volvo vehicle with the registration number ███████ merchandizes with the total weight of <u>160.470 kilograms</u> should be brought in, and by MAN vehicle with the registration number ███████ merchandizes with the total weight of <u>172.296 kilograms</u> should be brought in?

---

We earnestly request You to send materials of completed inquiry to Moscow-Yaroslavskaya Transport Office of the Public Prosecutor of Moscow. Our address: 107140, Russia, Moscow, Komsomolskaya square, 5/45, with the necessary reference on our outcoming reference number and date of present inquiry.

Appendix: Quotes from Article 285 and Article 159 of the Criminal Code of the Russian Federation and from Article 51 of the Constitution of the Russian Federation. Total: 03 pages.

Senior investigator of
Moscow-Yaroslavskaya
Transport Office of the Public Prosecutor of Moscow
Lawyer of the 1st class                                                                 Ilyin S. A.


Office phone: ███████



# The Criminal Code of the Russian Federation
# (In the wording of the Federal Law of December 08, 2003 No 162 – FZ)

**Article 285. Abuse of Official Powers**

1. Use by an official of his powers, contrary to the interests of the civil service, if this deed has been committed out of mercenary or any other personal interests and has involved a substantial violation of the rights and lawful interests of individuals or organizations, or the legally-protected interests of the society or the State, –

shall be punishable by a fine in the amount of to 80 thousand roubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to six months, or by disqualification to hold specific offices or to engage in specified activities for a term of up to five years, or by arrest for a term of four to six months, or by deprivation of liberty for a term of up to four years.

2. The same deed, committed by a person who holds a public office of the Russian Federation or a public office of a subject of the Russian Federation, or by the head of a local self-government body, –

shall be punishable by a fine in the amount of 100 thousand to 300 thousand roubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of one to two years, or by deprivation of liberty for a term of up to seven years, with disqualification to hold specific offices or to engage in specified activities for a term of up to three years, or without such disqualification.

3. Deeds provided for in the first of second part of this Article, and entailing grave consequences, –

shall be punishable or by deprivation of liberty for a term of up to ten years, with disqualification to hold specific offices or to engage in specified activities for a term of up to three years.



# The Criminal Code of the Russian Federation
# (In the wording of the Federal Law of December 08, 2003 No 162 – FZ)

### Article 159. Swindling

1. Swindling, that is, the stealing of other people's property or the acquisition of the right to other people's property by fraud or breach of thrust, –

shall be punishable by a fine in the amount up to 120 thousand roubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to one year, or by compulsory works for a term up to 180 hours, or by corrective labour for a term of six months to one year, or by arrest for a term of two to four months, or by deprivation of liberty for a term of up to two years.

2. Swindling committed by a group of persons in a preliminary conspiracy, as well as with the infliction of considerable damage on an individual –

shall be punishable by a fine in the amount up to 300 thousand roubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of up to two year, or by compulsory works for a term of 180 to 240 hours, or by corrective labour for a term of one year to two years, or by deprivation of liberty for a term of up to five years.

3. Swindling committed by a person through his official position, as well as on a large scale –

shall be punishable by a fine in the amount of 100 thousand to 500 thousand roubles, or in the amount of the wage or salary, or any other income of the convicted person for a period of one year to three years, or by deprivation of liberty for a term of two to six years, with or without a fine in the amount up to 10 thousand roubles or in the amount of the wage or salary, or any other income of the convicted person, for a period up to one month.

4. Swindling committed by an organized group or on especially large scale –

shall be punishable by deprivation of liberty for a term of five to ten years, with or without a fine in the amount up to one million roubles or in the amount of the wage or salary, or any other income of the convicted person, for a period up to three years.

# The Constitution of the Russian Federation
# (Ratified December 12, 1993)

**Article 51.**

1. No one shall be obliged to give evidence against himself or herself, or his or her spouse and close relatives, the range of which shall be established by the federal law.

2. The federal law may stipulate other exemptions from the obligation to give evidence.

